NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-961

VIVIAN E. ARCENEAUX

VERSUS

SEAN ARCENEAUX

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20030690
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

AFFIRMED.

Randall Lee Guidry
Attorney at Law
503 W. University Avenue
Lafayette, LA 70506-3651
(337) 233-8800
Counsel for Defendant Appellee:
Sean Arceneaux

**Shane Michael Mouton**
**DA's Office-Non-Support Div.**
**P. O. Box 2609**
**Lafayette, LA 70502**
**(337) 235-0751**
**Counsel for Appellee:**
**State of Louisiana**

**Christine M. Mire**
**Attorney at Law**
**202 West Main Street**
**Lafayette, LA 70501**
**(337) 706-7460**
**Counsel for Plaintiff Appellant:**
**Vivian E. Arceneaux**

**Vivian E. Arceneaux**
**In Proper Person**
**2215 La. Hwy 1252**
**Carencro, LA 70520**
**(337) 896-0780**
**Counsel for Plaintiff Appellant:**
**Vivian E. Arceneaux**

**SAUNDERS, Judge.**

On February 9, 2011, this Court dismissed as moot Appellant Vivian E. Arceneaux's custody appeal as to her and Appellee Sean Arceneux's three minor children, Audrey, Dallas, and Dominique but noted that the portion of the judgment reducing Appellee Sean's child support remained reviewable.

We now affirm the trial court's reduction of child support retroactive to the date Sean filed his rule to reduce support.

FACTS

Sean filed a Rule to reduce child support on February 22, 2010, due to injuries he sustained in an automobile accident that resulted in a reduction in his earning ability. Previously, by Consent Judgment dated January 12, 2006, as the noncustodial parent, Sean Arceneaux had been required to pay custodial parent, Vivian E. Arceneaux, child support in the amount of $1,086.00 per month.

After reviewing the evidence on the rule to reduce support, the hearing officer on May 11, 2010, determined that noncustodial parent Sean's earnings had been reduced to $1,118.00, and recommended that Sean's child support obligation be reduced to $349.00 per month, as depicted on the "Obligation Worksheet" attached as an Exhibit. This finding was adopted by the trial court and reduced to the form of a judgment.

Vivian initiated this appeal, contesting the trial court's adverse custody rulings, while also assigning as error the lower court's prior reduction in child support. As noted above, Vivian's appeals as to the visitation issues are no longer before this court, leaving the reduction in child support issue as the only one before us.

OPINION

We affirm as not clearly wrong the trial court's reduction to $349.00 the child support owed by Sean retroactive to February 22, 2010. *Murphy v. Murphy*, 04-1332 (La.App. 3 Cir. 2/2/05), 894 So.2d 542.

As reflected by the Obligation Worksheet, the parties' combined monthly adjusted income totaled $3,111.00. Of this figure, Sean earned $1,118.00, or 35.94%, and Vivian's imputed earnings totaled $1,993.00, or 64.06%.

Based upon the parties' combined income of $3,111.00, their total child support obligation was $971.08. Sean's proportionate (35.94%) share of this figure was calculated to be $349.01, a figure which the record does not establish to have been clearly wrong.

Consequently the judgment of the trial court is affirmed, with costs taxed to Appellant.

**AFFIRMED.**